3-13-03-44 Board of Trustees of Illinois Valley Community College, et al., at the lease, Walters v. Marquis Energy, LLC, appellant, Carol Morris. Please proceed. Good morning. I'm pleased to court. Counsel? Again, I'm Hal Morris. I'm accompanied by Elizabeth Thompson this morning on behalf of Marquis Energy, which is the appellant in this matter. This matter comes before the court on a Rule 308 finding of a certified question from the circuit court. For purposes of, I guess, context is the best way, is that certified question that the court brought, and which was granted, is does the circuit court have general equitable jurisdiction to determine whether an intended abatement of taxes within an Illinois enterprise zone has been properly applied. And that's the essence of what this case is about this morning. In addition, what I think we need to look at in the record is the complaint and the amended complaint that was filed by the IBCC, the college, so to speak. That complaint, seen for what it is, is an objection as to the amount of taxes that will ultimately be paid for the years 2009, 2010, and 2011, years in the past, by Marquis Energy. For purposes of what the case, or how it arises, it arose out of an abatement ordinance that was issued with respect to an enterprise zone. In June of 1987, there was an enterprise zone that was awarded, or if you will, adopted. In June 28, 2006, IBCC, the college or the appellee here, approved an abatement resolution. That abatement resolution referred specifically to abating taxes on any square footage that would be added after a specific date of July 1, 2007. September 28, Marquis 2006 began construction, but it wasn't until 2008 that the construction was complete and therefore the square footage was added. But that is not the precise question before the court. The precise question before this court is whether the circuit court has the general equitable jurisdiction to consider the objections being brought by the college, or whether such objections to the taxes that Marquis would pay for the years 2009, 2010, and 2011 would need to be brought through a tax objection proceeding. And that's a specific issue that was presented in 308. That's correct. And that's what we're dealing with. So rather than looking at what the circuit court may or may not decide, we have to look at the question here, and it's whether the circuit court has the equitable jurisdiction to decide that question. And we submit that the answer to the certified question is the circuit court does not have such general jurisdiction. And why does it not have such general jurisdiction? We start, unfortunately, with what appears to be a law school lecture. And we've seen this, that the courts in our state have general jurisdiction over all justicial matters. Our Constitution tells us that. However, that general jurisdiction may be controlled or limited by statute. And we learned that from the Illinois Supreme Court cases. And here, the property tax code specifically, by statute, limits what would otherwise be a proper exercise of general jurisdiction by the circuit court. How does it do that? It does it by its specific provision in Section 15 of that code where it says, the court sitting without a jury shall herein determine all objections specified to the taxes. However, it says, this section shall be construed to provide a complete remedy for all claims with respect to those taxes, assessments, or levies. Exception only matters for which exclusive remedy is provided elsewhere. Those exceptions are not applicable. What is specifically applicable here is the limitation on jurisdiction is that it is through a property tax objection procedure under the property tax code, as the statute says, a complete remedy for all claims with respect to taxes or assessments. But who does this apply to? It applies to, under the code, any person. The code specifically says, any person who desires to object. It's any person. Okay. So you're saying they don't have to be taxpayers because clearly the district is not a taxpayer. They're not a taxpayer. Now, why don't they have to be taxpayers? There's a variety of reasons. First, under the Madison 2 case from the Supreme Court, we saw that the procedure set forth in the tax code, quote, any person is what it rolls to again. It looks at any person. But what is most important is that if we look at, then, the Board of Education of Park Forest v. Houlihan from the First District, we see that the First District dismissed the case by a taxing district to challenge taxes outside of the statute. What is probably most telling is let's just look at the parties here today. We have the appellant, Marcus Energi, and we have the appellee, which happens to be the College District. As the court points out, it is not a taxpayer, the College District, but it's here today. It brought a lawsuit in the circuit court. What does that mean? Reference to the Code of Civil Procedure is very instructive. If we look at Section 2404 of the Code, where we look at the definition of what is a plaintiff, a plaintiff is defined as all persons. They brought a lawsuit. A defendant is defined as any person. I'm sure we will not hear that the college can't be sued or be sued. It can be both. Our law has determined that it's a person. And by being a person, it falls within the exclusive provisions of the tax code. Moreover, the legislative history, which is cited by the college, is instructive. The college seeks to urge the court to find person and taxpayer to mean the same thing. But it doesn't if we look at the legislative history. The legislative history quoted on pages 19 and 20 of the college's brief are replete with references to taxpayer, but what a taxpayer would do or couldn't do. Clearly, the legislature knew that word. Clearly, the legislature knew how to use that word. But when it wrote the statute, it didn't say any taxpayer. It said any person. When it makes a specific, if you will, choice to do so, consistent with the Code of Civil Procedure and consistent with the Supreme Court case law, I believe it's very clear that what, if you look at the ambit of the statute, the ambit of the statute covers any person, which includes the college, irrespective of taxpayer status. But the inquiry doesn't stop there. It moves one point further. Under the code, it's just not any person, but it's any person who objects to all or part of a property tax for any year for any reason. Seen for what it is, the amended complaint in this matter is an objection that the amount of taxes that Marquess Energy would pay in 09, 10, and 11 is not high enough. They're saying for a variety of reasons they're not high enough. Their abatement ordinance wasn't applicable. That is clearly a reason that they're objecting. Yeah, but I can't go in, I mean, if we're looking at this in the whole big picture, my neighbor, Justice Carter, I think his taxes are too high on his house. I think I'm going to go and protest the taxes that are levied on his house. Because now you're saying that, in effect, the district is objecting to the Marquess Energy's tax bill. That's precisely what they're doing. They're saying that that tax bill, because of the application of the amendment, was not high enough. So they're saying that objection, okay, they have to bring it through that process. Yes. Because they're a person under our jurisprudence. They're objecting to a tax paid by a taxpayer, in this case Marquess Energy, for the reason that they're saying that it's not high enough. So I could go in, under your interpretation, and my poor neighbor, Justice Carter, I think he's being taxed too heavily. And I can bring an objection that he's being taxed too heavily? I'm not sure you can. Or not being taxed enough. Oh, Lord, in my neighborhood, I bet there'd be a lot of people that can do that. But I think there'd be a difference between that situation and this one. In your situation, you would not have, I believe, standing to bring that, because you were not injured or hurt. Oh, I am, because I'm paying a disproportionate tax. And I'm not going to argue about mine, but I'm going to argue his is not enough. I believe under the U.S. Supreme Court jurisprudence, for taxpayers standing, you have to be specifically injured. It can't be more of a generalized injury. Otherwise, we'd object because we didn't like a war, we didn't like a social problem. We can't do that. But here, it's a specific injury they're claiming, is that they are not receiving enough tax because taxes were evaded from our percentage. And I think that's the difference between your example and what is posed by this case. In this case, you're a person objecting to the amount of taxes being paid, and they are claiming an injury because they're not getting it. I don't think they're doing it just because they're the proverbial nice citizen saying, we want to help someone else get more taxes. No, but, okay. So when we look at this, if you will, kind of in context, the context is the complaint, the amended complaint that were filed, clearly says you should not have applied this resolution, because by applying it, Marcos Energy's taxes were evaded and weren't high enough. We're objecting saying they should have paid effectively more taxes. What they're doing is they're taking outside of the tax code, the property tax, the exclusive remedy, and they're saying, let's have the circuit court through equitable jurisdiction go forward. And that brings us to our next problem, the equitable jurisdiction. Is that even should a court have equitable jurisdiction to decide certain things in the tax code? It does not have the jurisdiction to enter equitable remedies when there's a remedy at law, i.e. under the tax code. We learned from cases such as Millennium Park in Kootenai that if there is a tax code remedy, which there is here, they could bring it under the tax code, they can't then seek an equitable remedy of mandamus, or they've sought for declaratory judgment. Okay, what is the remedy that's going to be given if we go through the structure of the property tax code? If we went through that structure? Yes. If they went through that structure, the remedy could have been that Marquis did not pay a sufficient amount of taxes because the objection was sustained that the abatement given to their, if you will, additional square footage was improper, and they would ultimately pay a greater amount of taxes for certain tax years should that be proven. But if they'd have to follow all the requirements of the property tax code to get to that jurisprudential question by that structure of the property tax code? They would have to file it just as Marquis would have to follow it if it was saying I'm paying too much. So your opponent points out in his brief that the district would have to file, would have to pay, put in some money to even get standing to go through that code. He does say that, but I don't believe that is true for a number of reasons. First, it's not true. That is there to protect taxing bodies that they receive their tax receipts even if there's a dispute. In other words, you can't say I dispute and just not pay. You can't withhold. Right. You can't have a tax break. You can't withhold. Here, the reason that that is not relevant is we're not saying it's a lesser amount. We're saying it's a greater amount. So they wouldn't have to pay the greater amount until that was determined. Number two, it is not relevant because in the circumstances that we have in this kind of case, the taxpayer is still responsible for the taxes. There is no question that whether a tax objection is filed or is not filed, that the taxpayer remains responsible until there's an adjudication. So that provision that the court is referencing is a provision to effectively protect the taxing body from a loss of revenue in a tax strike or simply someone deciding I'll object and I won't pay. So I don't have to throw in some money to appeal Justice Carter's proposition. That's correct. You won't have to do that. It's one if you feel good, but perhaps not the other. So I think that is correct. I like the fact that he's using me as an example. Justice, we always pick on the one who's not there. It's actually those taxes. But I think what we really need to look at is the manner by which we come before this court. We come before this court on a certified question about whether there is general equitable jurisdiction on behalf of the trial court to make this determination. And I think we do it in steps that yes, that court does have general jurisdiction, as all Illinois courts do, but that jurisdiction can be and has been limited specifically by the tax code. And by doing so, we step away from saying you can hear everything to say you can only hear certain things but not this. And there's a complete remedy in the tax code. They could go that route. Now, by way of just simply more, if you will, context, there are also proceedings in front of the Property Tax Appeal Board that are ongoing. So the question I think that we're really left with is what is that certified question or how should it be answered? I would submit to the court the jurisdiction of our courts is not unbounded because it can be subject to limitation by statutory law, which has happened here. When it is limited, that which might otherwise be justiciable, granting jurisdiction to a circuit court, does not necessarily support a finding of jurisdiction, whether we're talking about equitable or legal jurisdiction. And here that is what's happened. The Property Tax Code provides a complete and adequate remedy that they can, as the courts pointed out, receive the additional monies they want had they gone through that process. But having not gone there, they've foregone the right because they cannot bring it here as they brought it in front of the circuit court. Also by bringing it in front of the circuit court, they've done it in such a way that they're seeking equitable relief. And it is very clear from our jurisprudence that equitable relief in the form of mandamus or in the form of a declaratory judgment is not appropriate when the Property Tax Code would provide a specific remedy. As a result, because what the College is doing is objecting to the ultimate amount of taxes for those three years that Marquess Energy may pay or they say should pay, that is what the Tax Code and the Property Tax Objection Procedure was designed to handle, and it limited the circuit court's general jurisdiction. I think that this case falls squarely within that limitation, and as a result, the circuit court did not have that jurisdiction, and the certified question should be answered to the negative that it does not, and therefore the College should be left to its remedy that it has through the Property Tax Code, whatever that may be. I have a question. The ultimate question is that we're saying in Putnam County, the county clerk, in at least their position, the county clerk did not correctly apply the abatement ordinance that was provided by the tax district to the College. Is that normally a type of subject that goes through the Property Tax Code? When you use the word normally, we're probably looking at statistics. Statistically, I'd have to say no. Statistically, it's assessed valuation and things like that. But there's not that limitation that it is only those things is what I would submit to the court, because if there was such a limitation, the case law that says equitable jurisdiction is taken away would not really be relevant. You could have declaratories. You could have mandamus actions. You could have injunctions, and I think our cases are very clear that in the property tax context, you don't have those, in the circuit court, rather you have that, through the property tax objection procedure only. Okay, but then let's put this all in the big picture context down in Springfield when they came up with this legislation. What they're really saying, this is a specialized area, okay, where we've got, I mean, the property tax in Illinois is a labyrinth of arcane, non-understandable. No homeowner understands this. Most of the time they do it only because their neighbor is not paying enough tax, okay? That would be just as correct. Okay, so really this idea of the proper or improper application of an abatement provision provided by a taxing district, is that really an arcane thing that we need specialized knowledge of assessors and we need equalization factors and all of that that's in the property tax code, or is that just really a legal question more suitable to a court of general jurisdiction? Taken in a very narrow view, you may be correct. However, taken in the context of the entire property tax structure, I think it does properly belong in the property tax code. And the reason I think it belongs, there are several items. Number one, it is one element of many that make up the amount of taxes that one either pays or you may argue should pay. Number two, because we're looking to fund effectively public entities through taxes, taxing bodies. We cannot, unfortunately, go through a court system which has different issues in a general jurisdiction than in a property tax objection. That is a specific procedure to decide these. I put this probably in quotes since I'm a lawyer, decide them quickly or more quickly than might otherwise be the case and therefore get the right amount of taxes either given back to a taxpayer if it's too much or to pay more if it's too much. So I think that it still is the proper process to go through, even though I think the court is correct that it is not necessarily the common practice in what occurs here. Because if we did a spreadsheet, there are far more assessed valuation or appraisal questions that go to property tax or the calculation of equalization factors than these other, as the court says, more arcane issues. One other question is that through the property tax, as you go through this labyrinth or funnel, so to speak, out at the end, finally, there is a chance for the parties, an opportunity and provision for the parties to seek redress in courts of general jurisdiction, isn't it? But that's by way of an appeal more so. Right, but there is. But that's different. When we appeal those type of hearings or those type of decisions, the court is acting in, if you will, a different capacity. It's acting as an appellate court. Just as this court is not going to do discovery, this court is not going to deal with motions that compel necessarily, that's an appellate process that occurs, and I think the appellate process is a protection that exists that we have because we have certain appeals as a right, but that doesn't mean you get to start at the appellate level, and that's what I think they're trying to do here. Okay. Thank you. Thank you, Counsel. Counsel, you may proceed. May it please the Court. Good morning, Counsel. There are two themes I would like to leave with the Court this morning. Number one, the core to this case is the resolution adopted by the college and the actions of the clerk in not following his ministerial duty to adhere to that under the Enterprise Zone Act. Point number two, for Counsel, who is very skilled to be successful in this matter, he must succeed on all of his points that he is bringing forward, and if he fails to do so, if he doesn't win on all, then his argument should fall. Looking first at the concern we have regarding the clerk's ministerial duty and, therefore, the subject matter jurisdiction that we believe the trial court had, the circuit court had, we bring to your attention the Taylor case, which we cited, which indicates that it's well established that reviewing courts must sua sponte, inquire as to its jurisdiction, and if it determines that jurisdiction is lacking, then the reviewing court must decline to proceed. Counsel has suggested that cases we have brought up are not discussing the property tax code. Of those nine cases, we bring to your attention that two of those cases, the Auburn case and the Batavia case, were, in fact, PTAL cases, and PTAL is part of the property tax code. Secondly, he attempts to distinguish the Village of Park Forest case, the County of Will case, and the Village of Inverness case. However, those cases were all decided under predecessor statutes to the recodification of property tax code. Specifically, in the Village of Park Forest case, they were under the comparable section to 23-5, which is one of the sections at issue here, and that statute from 1955 indicated that if any person shall desire to object, they shall pay all or part of the real property taxes for any year for any reason. So there has been a longstanding statutory obligation for a taxpayer person from the perspective of counsel if they're going to go forward with a tax objection to have to file tax as it relates to that. So having looked at that in the current statute in 23-5, and having looked at the prior statute, then we cited a number of cases to the court, not all of which I'm going to bring to your attention this morning, but some of them which I think we should highlight. We mentioned that Village of Park Forest case, which was an Illinois Supreme Court case from 1958, and in that case, mandamus was proper remedy to enforce the performance of statutory duties. We would suggest the clerk has a statutory duty to follow our resolution because without our resolution under the Enterprise Zone Act, he wouldn't have any authority to act. And so his failure to act is inconsistent. His actions were inconsistent with his duty. In that case, the village and the taxpayer filed a petition for rid of mandamus. Number two, I would bring to your attention a 1986 Third District case dealing with Will County. And in that case, the appellate court held that the trial court properly granted mandamus, ordering the board to enter its assessments. In that case, they failed to assess certain properties within its decision books before closure. That obviously would have affected assessments. So it affects the statutes and the predecessor statute. Next, 1996 case, after the recodification, the Lamont case. In that case, the appellate court affirmed the grant of mandamus where the school district, which was now reorganized, was contesting bonded indebtedness and sued for mandamus. And the court concluded that mandamus was appropriate in that circumstance, despite Article 23, obviously having an impact on taxes for that district. Also, 2004, the Batavia case, the Board of Education filed a complaint for declaratory judgment where the clerk miscalculated the rate of tax, obviously affecting tax. Again, the appellate court decided the matter on the merits, going back to the Swiss Bonte jurisdiction point that I mentioned to you in the Taylor case. Next, 2009 case, after the Madison case rendered by, made reference to by court, the Fockery case, where the landowner brought an action for mandamus against the county treasurer, arguing that the treasurer did not have subject, the county treasurer arguing that the tax landowner did not have subject matter jurisdiction. And the court, appellate court concluded that the trial court in fact did have subject matter jurisdiction. And lastly, then what was the, what was the landowner seeking mandamus for? What action on the part of the treasurer? It wasn't a mandamus. Yeah. Mandamus and declaratory judgment against the county treasurer, asserting that the treasurer miscalculated interest owed on a refund. But it was to that landowner's tax bill problem. Yes. Okay. Okay. And lastly, the 2011 Illinois Supreme court case, the Auburn case, which we made reference to you, which also was decided after the Madison case made reference to by council, where the board of education and the school district, again, filed against the department of revenue, seeking declaratory judgment that P-TEL no longer applied to the district because it reorganized and now had some land in a county that was not under P-TEL. The Supreme court granted the declaratory judgment in that situation. Council also talks about, since we've been talking about the Madison case, mentions that. And so we would suggest, as we mentioned in the maxims cited in our brief, that statutes should be construed in a manner so that no term is rendered meaningless or superfluous. Council is focusing on the term person there. And we would argue that the Madison case is distinguishable and not applicable to this situation for several reasons. Number one, in the Madison case, the taxing district was seeking permission to intervene as opposed to being a petitioner. That's what the court was looking at in that case. The tax objection had already been filed in that particular case. So it's very distinguishable from our situation. Secondly, the reference to person in that case is contained in one sentence, which council extends to argue means that we have an obligation as a taxing district, as opposed to a right to intervene and obligation to be a petitioner in a tax objection matter. And there is no indication in that case that it was briefed. That point was briefed. There's no indication that that was argued in that case. And so therefore we would suggest that it's not judicial dicta, but rather orbits a dicta because it was a casual comment reached by the court on an issue unrelated to the essence of the controversy, which was whether the taxing body could intervene, not whether the taxing district had an obligation to join in the lawsuit. And we have cited the Drew's case as it related to that. And in that regard, the people versus Williams case indicated that since the issue was brief and was argued by the parties, the court's pronouncement was judicial dicta in the Williams case, but there's no evidence in our case that was the matter. And to the extent that this is a seminal point from the court's perspective, then we would strongly urge the court to read the nine briefs in the Madison case. Continuing on then, we also brought to the court's attention the cases after Madison, which we mentioned to you a little bit ago, that we believe indicate that Madison does not stand for the proposition that the taxing district has an obligation as counsel suggests. I'd also bring,  in that regard, he's suggesting that the taxing district is a person for purposes of article 23 of the property tax code. But there are other maxims that we have cited in our brief as well that are applicable to this situation. Words and phrases should not be construed in isolation. Unconstitutional interpretations of statutes are disfavored. I apologize. The first site I gave to you was with the Berger case. The second one was people versus Ingram. And lastly, courts presume that the legislature did not intend absurd, unjust, unreasonable consequences. That's the Lamont case, which we cited to you also. And we would clearly suggest that that is what would happen if the court were to find the plaintiff's favor. Number one, the taxing district would have to pay all of the taxes. Counsel had an explanation for that, but the statute does not qualify that. The statute is, we've cited here 23.5 indicates that the taxing district, if we have to follow the appropriate procedure, would have to follow that and have to pay tax. It's interesting that there is no authority to support counsel's position, that there is a distinguishment on whether we would have to pay or not. Secondly, there's nothing in the statute that would require Marquis, the taxpayer to receive, be entitled to donors. Thirdly, the taxing district would be required to be given notice. The taxing district who's filing the matter would also have to receive notice, which seems contrary to the citations we mentioned before. Number four, the clerk who is at the core of this, as you were suggesting before, justice would not be a party to this matter by virtue of 23.5. Next, the taxing district would not be provided interest on the money that it had to pay. And the taxing district would not receive the refund of that money because the statute only relates to taxpayer getting the money back and not the taxing district. And lastly, when you look at article 23, then in conjunction with article 16 of the property tax code, it expressly talks about the taxing district, the tax payer may not simultaneously file with PTAB and a tax objection matter, but no comparable language is in there regarding the taxing district. So theoretically the taxing district, if that's correct, would be able to file simultaneously, which would not be appropriate for judicial matters. I'd also point out that there are several other provisions within the property tax code where the term taxing district and person are contained in the same section. And therefore the general assembly must have, under certain circumstances intended that the term person would not necessarily apply to a taxing district. And we would suggest that is our situation as well. So in conclusion, as I said before, counsel must win on all of his points or fall. He must prove that it was the intent of the statute that the taxing district come under article 23. And if it's not clear, then he must prove that the additional evidence that the statute is ambiguous at the cases that we cited to, and the legislative history are not applicable to the situation. If he doesn't prove that he loses. If he doesn't prove that it's a matter of tax in this matter, as opposed to the resolution of the clerk, and he has no authority to suggest that it is tax that he loses. If he doesn't win on the suggestion of the definition of person, in addition to tax and in addition to intent, he loses. If he can't prove that it's not unauthorized by law, he loses. And lastly, if he can't, if the court would have to conclude that it is constitutional to not provide the taxpayer with notice, which we would suggest is contrary to the law, that it's constitutional for us to have to pay a tax money and not get it back. And it's constitutional for us not to get paid interest in what we're doing. And firing that, I would suggest that the decision of the trial court below be affirmed. The trial court concluded that there was no authority cited requiring or prohibiting one over the other. The plaintiff has sought the action, and I don't find this case authority or statute that prohibits that. And lastly, that the relief that could be sought by law would be insufficient to address and resolve the issue of future applications of this very same resolution. Contrary to what counsel is saying, this is an ongoing matter. It started in 2010 with assessments and the resolution in 2008, and it's been going forward since then. And it will go forward to 2017 because the enterprise zone lasts until 2017. And the courts said that would be inefficient to try to handle this through the tax objection process annually. Counsel's time. Thank you. Thank you, counsel. Counsel, you may proceed. Very briefly. I think what is most telling is what we did not hear. We did not hear anything suggesting that it is not a tax objection that is being brought. Instead, what we heard is that there are other problems, I think, with respect to the manner by which the college is being defined. The demonstrative exhibit, which was in front of the court which we received this morning at 6.46 a.m., is really of no relevance. And here's why it's of no relevance. Take it part by part. First off, in terms of the lack of notice to different people, that's a red herring. Why is it a red herring? The Code of Civil Procedure still applies to actions. If you file a tax objection proceeding filed in the circuit court, the Code of Civil Procedure applies and it has necessary parties. If someone is affected, they get notice. Secondly, why are those irrelevant? They're irrelevant as we've discussed. There would be no need for the taxing district to pay because the taxpayer still would have the obligation. And we're not talking about having it be a lesser amount. We're talking here about being a greater amount. There's no suggestion in our case law that says if someone says, you should be paying more, put that money in the kitty first. That's not. It's if you're paying less so you cannot strike or you cannot avoid it. The question about interest or about refunding taxes, that's a remedy that would exist at the end of the process and in the event. Once again, it's not a specific bill, if you will. Finally, with respect to these issues, there are a number of cases that were cited by counsel. I think most telling, if you look at the case, and I'll mispronounce it, of course, the Fokkery case or something to that effect, if you look at the holding in that case, the court says specifically that we agree with the trial court that plaintiff resolved his tax objection complaint under the code and this was the exhaustion of his tax objection. A plain reading of the language of 2315 is that the section concerns the procedures for tax objections and hearings and not the issues before this court. That court was not deciding what is or is not a tax objection. And that's what I think is important for us to go back to, which is the certified question. The certified question, number one, can be viewed in the fact that not a single case in Illinois has been cited to this court by either party holding that a taxing body cannot use the tax objection process. Why is that? Because the way that process is defined in the limitation is expansive. It talks about a person. The statute on statutes in Illinois says we look to liberal construction. When we look to liberal construction of a person under a code of civil procedure, it's clear. They brought a lawsuit. They must have considered themselves a person for that. They're sitting here as an appellee. They must consider themselves a person for that. But when it comes to the person in the tax bill, they say they're not. Secondly, when you look at that statute, it talks about objects to all or part of a tax. They're objecting to the tax that was paid that it should be higher. You heard nothing, and there's been nothing in any of the briefing to suggest otherwise. Then the college is objecting to the tax. And lastly, it says for any reason. When you look at 23.5 or dash 5, it's for any reason you're objecting. Here, clearly, they have posited a reason that they believe that the taxes should have been higher because the abatement should not have been given. As a result of that, when we look at the statutory provision under the tax code for a tax objection process, that limited the general equitable jurisdiction of the trial court to decide objections by a person to a tax for any reason. And that is precisely what the complaint and the amended complaint in this matter seek to do. As a consequence, what we would urge the court to do is to answer the certified question in the negative, reaffirming the absolute, if you will, complete occupation of the area by the tax code and finding that the circuit court did not have general equitable jurisdiction to make this decision. Thank you. Thank you, counsel. Thank you both for your arguments in this complex case. And the court will take this matter under advisement. As we indicated, Justice Litton will be listening to the arguments because it's all taken down. And we will render a decision with dispatch until the court is adjourned for the next panel. Thank you.